# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**SHELMONTAY J. ADAMS**                                                                **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 5:19-CV-P171-TBR**

**STEVAN WILLIAMS** *et al.*                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Shelmontay J. Adams' *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the complaint but allow Plaintiff an opportunity to file an amended complaint.

**I.**

Plaintiff is a prisoner currently incarcerated at the Kentucky State Reformatory, but his complaint concerns his detention at the Fulton County Detention Center (FCDC). He brings suit pursuant to 42 U.S.C. § 1983 against the following FCDC officers in their individual and official capacities: Jailer Stevan Williams, Chief Deputy Carrie Powell, Lt. Ronnie L. Fair, and Deputies Angie Irene Isbell and Ava Lee Little.

In the complaint, Plaintiff alleges that on April 1, 2019, Defendant Isbell escorted his pod to church. He continues that upon entering church, he signed in, grabbed a Bible, and took a seat while "they were still bringing people in from different pods." He states that his co-defendant, Damion Murphy, entered the room and "came over to talk to the person beside me, I asked him (Damion) to step to the side, so that I could clear up some things about our case." Plaintiff then alleges:

> I went back to my seat, and opened my Bible. While damion came over to shake hands with the same person he'd talked to earlier beside me. While I was reading my Bible he (damion) snuck me (Hitting someone while their not paying attention).

Then we started to fight. Due to this fight, I now have strong headaches and I'm parainoid around a lot of people. I now can't sleep without medication due to the parainoida.

Plaintiff asserts, "My co-defendant (Damion) and I are not supposed to be around each other. We both signed keep aways during the trail phase." He claims that the "Deputys in F.C.D.C also knew of this but still allowed and put us around each other, allowing this to occur." He further claims, "I was put in harms way and the Jail (F.C.D.C) could not guante my safty. [FCDC] maliciously placed us together, and by doing so, blantantly disregarded proper procedures. I am holding all high ranking Deputys and Jailer responsable for letting this situation to occur." Plaintiff indicates, "There are more Deputys involved but I do not have their names."

As relief, Plaintiff seeks monetary and punitive damages and the following injunctive relief: removal of the write-up against him and placement on house arrest for safety measures.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). The official-capacity claims against all Defendants, therefore, are actually against their employer, Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, like Fulton County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of Fulton County. The complaint, therefore, fails to establish a basis of liability against Fulton County and, therefore, fails to state a cognizable § 1983 claim. Consequently, the official-capacity claims against all Defendants will be dismissed.

**Individual-capacity claims**

"It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation[.]" *Cox v. Barksdale*,

4

No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights."). While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

The only Defendant that Plaintiff mentions by name in his statement of claims is Defendant Isbell, who Plaintiff alleges escorted his pod to church. This allegation is insufficient to state a failure-to-protect claim against Defendant Isbell because Plaintiff fails to allege that Defendant Isbell knew that Plaintiff and inmate Murphy were not supposed to be around each other or that she knew that Plaintiff and inmate Murphy were both going to be in church. Plaintiff, therefore, fails to state a constitutional claim against Defendant Isbell.

5

Plaintiff does reference Defendant Jailer Williams when he asserts that he is "holding all high ranking Deputys and Jailer responsiable for letting this situation to occur." However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff, thus, fails to state a claim against Defendant Jailer Williams and any other supervisory Defendants.

Regarding Defendants Powell, Fair, and Little, Plaintiff lists them only in the caption and parties section of the complaint form. He does not state any allegations against them in the statement-of-claims section of the complaint or state how they were directly involved in any of the alleged wrongdoing.

For these reasons, Plaintiff fails to state a claim against Defendants in their individual capacities, and therefore, dismissal is warranted.

Notwithstanding dismissal, "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, before dismissing the action, the Court will allow Plaintiff to amend his complaint to describe how each Defendant allegedly violated his rights. The Court will also allow Plaintiff to amend his complaint to name as Defendants in their individual capacities any other persons who allegedly violated his rights and to describe the facts detailing what each Defendant allegedly did to violate

his rights. Plaintiff may identify any unknown Defendants as Jane Doe or John Doe, but he must specifically allege facts describing what each unknown/Doe Defendant did or failed to do to violate his constitutional rights.

### III. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** naming as Defendants in their individual capacities all persons who allegedly violated his rights and providing facts specifying what each Defendant allegedly did or did not do to cause him harm.

**The Clerk of Court is DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the action for the reasons set forth herein**.

Date: January 29, 2020

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Fulton County Attorney
4413.005